# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

| | |
|---|---|
| LENNELL ELLIS,<br><br>    Plaintiff,<br><br>    v.<br><br>ROBIN CRAWFORD "R.M.R,"<br>*Stenographer/Typist in her individual capacity*,<br><br>    Defendant. | Civil Action No. TDC-16-3479 |

## MEMORANDUM ORDER

On October 18, 2016, Plaintiff Lennell Ellis, currently confined at Eastern Correctional Institution ("ECI") in Westover, Maryland, filed a 42 U.S.C. § 1983 ("§ 1983") civil rights Complaint against Defendant Robin Crawford, a court stenographer/typist, together with a Motion for Leave to Proceed In Forma Pauperis. In his Complaint, Ellis asserts that Crawford issued a "defective transcript" that "violated [his] constitutional civil rights." Compl. at 4, ECF No. 1. On November 3, 2016, this Court issued an Order instructing Ellis to supplement his allegations against Crawford and to provide the Court with additional financial information. The Court has now received Ellis's substantive and financial Supplements. In his substantive Supplement, Ellis clarifies his claim, asserting that based on Crawford's transcription errors, he was denied "his constitutional right to a complete and certified [transcript] for appeal review." Supp. at 2, ECF No. 6.

Turning first to the Motion for Leave to Proceed In Forma Pauperis, the information Ellis provides establishes that he is indigent. That Motion will therefore be granted. Ellis's verified inmate account statement establishes that that he had a six-month average balance of $568.59 in

his prison account and six-month average deposits of $82.68 to that account. Ellis shall therefore be required to pay an initial partial filing fee of $113.72. *See* 28 U.S.C. § 1915(b)(1)(A)-(B) (instructing courts to assess a partial filing fee of 20 percent of either a prisoner's average monthly balance or average monthly deposits for the six months prior to the filing of the complaint, whichever is greater). Ellis must submit that $113.72 payment to the Court, through the ECI Finance Officer, within 21 days of this Order. Ellis must then make monthly payments of 20 percent of his preceding month's income until the remainder of the $350.00 civil filing fee is paid.[1] 28 U.S.C. § 1915(b)(2). Those payments must be forwarded by the prison ECI Finance Officer "each time the amount in [Ellis's] account exceeds $10." *Id.*

Because Ellis is a prisoner and because he proceeds *in forma pauperis*, the Court must screen his Complaint and dismiss any part that, as relevant here, fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b)(1). Under this standard, Ellis's case cannot proceed.

In February 2014, Ellis was found guilty, after a jury trial in the Circuit Court for Baltimore County, of second-degree murder, arson, and conspiracy to commit arson. In August 2014, Ellis was sentenced for those crimes. Ellis noted an appeal, and on October 21, 2014, the record for his case, including the relevant transcripts, was transmitted to the Court of Special Appeals of Maryland. *See* Supp. at 2 (noting the Oct. 21, 2014 shipment); *see also State of Maryland v. Ellis*, Crim. Action No. 03K12003840, Dkt. No. 53 (Cir. Ct. Balt. Cty. Oct. 21,

---

[1] The civil filing fee is generally $400, which includes a $50 administrative fee. *See* U.S. District Court for the District of Maryland Schedule of Fees, http://www.mdd.uscourts.gov/sites/mdd/files/ScheduleofFees.pdf. Because Ellis has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, the administrative fee is waived. *See* District Court Miscellaneous Fee Schedule, No. 14, http://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule.

2014) (recording the transmission to the Maryland Court of Special Appeals of the original record and transcript).[2] Ellis now asserts that the transcripts produced by Crawford violated his right to due process of law under the Fourteenth Amendment to the United States Constitution. Ellis contends that Crawford's transcripts contained over 1500 "unclear or inaudible" notations, Supp. at 1, and that, as a result, he was unable to assemble an adequate record of, and thus pursue appeals based on, preserved objections made by his trial counsel. Crawford is identified as the "typist" on those transcripts. Supp. Ex. 2 at 1, ECF No. 6-2.

Court stenographers are not absolutely immune to suit under § 1983. *Antoine v. Byers & Anderson*, 508 U.S. 429, 437 (1993). However, because "the Due Process Clause is simply not implicated by an negligent act," *Daniels v. Williams*, 474 U.S. 327, 328 (1986), a claim against a court stenographer for a defective transcript must be based on allegations of deliberate or intentional alterations to, or mistakes in, the transcript. *Loubser v. Thacker*, 440 F.3d 439, 442 (7th Cir. 2006) (stating that court reporters cannot be held liable "in a section 1983 case for innocent errors, even if negligent"). Ellis makes no such accusation of deliberate misconduct and instead asserts only that he is suing Crawford because "she issued a 'defective transcript.'" Compl. at 4, ECF No. 1.

Even if Ellis alleged that Crawford deliberately produced a defective transcript, he can point to no viable injury. Crawford produced the transcripts from a recording of the proceedings, a recording that Ellis has obtained. *See* Supp. at 2. Crawford thus was not a court reporter in the traditional sense of that role; rather, she simply transcribed from the recording of the trial. *Id*. Ex. 2 at 1. As a result, if Crawford's transcript was inadequate, another transcript could have been produced. Furthermore, although Ellis asserts that he received the transcript only after his

---

[2] The Court takes judicial notice of these proceedings pursuant to Fed. R. Evid. 201(b)(2).

appeal had been filed, *see* Supp. at 2, and thus might arguably be asserting that Crawford's transcripts were unduly delayed, his chronology is incorrect. Ellis noted his appeal prior to the production of the transcripts, but the substance of his appeal was not filed until February 2015. By October 2014, four months before that filing, Crawford had produced the transcripts, and they had been sent to the Maryland Court of Special Appeals. Ellis therefore had four months to review Crawford's transcripts and to secure additional transcriptions of his court proceedings prior to the filing of his appeal. Any alleged errors in Crawford's transcription therefore did not plausibly "den[y Ellis] his constitutional right to a complete and certified [transcript] for appeal review." Supp. at 2. *Cf. Antoine*, 508 U.S. at 430-31 (holding that a court stenographer who failed for over two years to provide a transcript of criminal proceedings before admitting that she had lost many of her notes, leaving the defendant able to compile only a partial transcript, was not immune from suit under § 1983).

Because Ellis fails to state a claim upon which relief may be granted, his Complaint must be dismissed and he must be assessed a "strike" under 28 U.S.C. § 1915(g) (mandating that prisoners may not proceed *in forma pauperis* if, while incarcerated, they have filed three or more cases that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury).

Accordingly, it is hereby ORDERED that:

1. Ellis's Motion for Leave to Proceed In Forma Pauperis, ECF No. 2, is GRANTED.

2. Ellis, through the ECI Finance Officer, must PAY an initial partial filing fee of $113.72 within 21 days of the date of this Order.

3. The ECI Finance Officer must FORWARD future monthly payments from Ellis's

inmate account in accordance with 28 U.S.C. § 1915 until the $350.00 filing fee is paid in full.

4. Ellis's Complaint is DISMISSED, and the Clerk is directed to COUNT this case as a "strike" pursuant to 28 U.S.C. § 1915(g).

5. The Clerk is directed to MAIL a copy of this Order to Ellis and to the ECI Finance Officer.

6. The Clerk is directed to CLOSE the case.

Date:  June 7, 2017                            /s/
                                       THEODORE D. CHUANG
                                       United States District Judge